IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BECKY S. LEININGER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04CV3192 |
| | ) | |
| v. | ) | |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, Jo Anne B. Barnhart, Commissioner. | ) ) ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) | |

The plaintiff filed an application for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., on July 17, 2001. The Secretary denied the application initially and on reconsideration. Plaintiff has multiple sclerosis and alleges a disability date beginning May 31, 2001. After a hearing on November 12, 2003, an administrative law judge ("ALJ") found plaintiff not disabled under the Act. The Commissioner affirmed this decision on March 20, 2004. The plaintiff appeals these findings and claims that the ALJ failed to give appropriate weight to the treating physician and to consider the severity of her complaints of pain and depression. I have now reviewed the record, the ALJ's evaluation and findings, the medical evidence, the parties' briefs, the transcript, and the applicable law. I conclude that the ALJ's findings are supported by substantial evidence on the record as a whole.

**BACKGROUND**

Plaintiff, born on August 26, 1954, resides in Aurora, Nebraska. She completed high school and two years of college. Plaintiff does not have a significant work history, and most of her jobs have been part-time. In the past she has worked as a secretary, sales

attendant, office manager, clerk, child welfare caseworker, radio dispatcher and telephone solicitor.  The plaintiff states that she has not performed work since May 31, 2001, when her employer closed his business.

Dr. Lorraine Edwards, plaintiff's treating physician, diagnosed plaintiff with multiple sclerosis in August 2000, although it appears that Dr. Edwards had made the preliminary diagnosis in the early 1990's.  In February 2000, plaintiff told Dr. Edwards she experienced depression and had problems with urinary urgency and incontinence.  Plaintiff experienced more anxiety on July 31, 2001, and received an increase in her Prozac dosage to 30 or 40 mg.

Plaintiff received a consultative exam on August 20, 2001, by Dr. Balachandran Wariyar pursuant to a request from the Social Security Administration.  Dr. Wariyar noted that plaintiff had been taking Avonex for 18 months for multiple sclerosis and noted symptoms of tingling, numbness, urinary urgency, depression, balance, tiredness, difficulty remembering office work,  and vision while driving. (Filing No. 13, Tr. at 510-516)

Plaintiff also underwent a consultative examination on August 20, 2001, with Dr. Caroline G.Sedlacek, Ph.D., for psychological evaluation.  Dr. Sedlacek found:

> She showed normal judgment in responding to two situation judgments events. On the other hand, she said that if she won $500 that week she would buy a new dress and play the slot machines in Las Vegas where she was going the next day for a Tupperware Convention.
>
> She is up by 7:00 a.m. and makes sure the kids are off to school and have breakfast. She does some housework. She and her husband fix the evening meal together. The children also have chores such as doing dishes. She does the laundry and grocery shopping. She goes to bed around 10:00. She does not take any naps in the daytime but will rest. She likes to read and used to do needlework but not at the present time.

Tr. at 508.  Dr. Sedlacek reported a diagnosis of dysthymic disorder and noted that the

plaintiff "appeared to be experiencing some depression which may be brought about more by situational factors such as her oldest son and the marital problems." *Id.* at 508. Dr. Sedlacek also concluded:

> The claimant is capable of handling the activities of daily living. She is able to maintain social functioning. Current stressors have to do with her oldest son and marital difficulties. She does become down in her mood at such times and also irritable. She can sustain concentration and attention needed for task completion. She is able to understand and remember short and simple instructions and can carry them out under ordinary supervision. She can adapt to changes in her environment. She is capable of handling her own funds.

(Tr. at 509) On November 12, 2001, plaintiff underwent a laparoscopic cholecystectomy and she received a diagnosis of chronic cholecystitis. Her surgeon, Dr. Scott Johnson, noted that her multiple sclerosis seemed to be controlled quite well by the Avonex. Tr. at 602-03. Plaintiff then saw Dr. Edwards on January 30, 2002, and again on April 25, 2002, on June 3, 2002, and on July 29, 2002, where she concluded that the multiple sclerosis seemed to be stable. In 2003, Dr. Edwards saw her and she went to the Memorial Health Clinic for a variety of pains in her hips and knees.

At the hearing before the ALJ, plaintiff testified that she did not know if she could work a regular workday because of tiredness, weakness and stress. She testified that she drives a car, shops, does some housework, can sit for short periods of time, reads several hours a day, can lift 5-15 pounds, naps each day, has difficulty with coordination, and her mind wanders. Plaintiff testified that she believed Dr. Edwards would "probably" let her return to work, depending on the job. (Tr. at 683) She further testified that she could stand for 30 minutes, walk for 30 minutes, and in an eight-hour day she could only stand for 2 hours, sit for two hours, and walk for one hour. *Id.*

## STANDARD OF REVIEW

A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423 (D)(1)(A); 20 C.F.R. § 404.1505. A claimant is considered to be disabled when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantially gainful work which exists in [significant numbers in] the national economy. . . ." 42 U.S.C. § 432 (D)(2)(A).

The ALJ evaluates a disability claim according to a five-step sequential analysis prescribed by Social Security regulations. The ALJ examines

> any current work activity, the severity of the claimant's impairments, the claimant's residual functional capacity and age, education and work experience. *See* 20 C.F.R. § 404.1520(a); *Braswell v. Heckler*, 733 F.2d 531, 533 (8th Cir. 1984). If a claimant suffers from an impairment that is included in the listing of presumptively disabling impairments (the Listings), or suffers from an impairment equal to such listed impairment, the claimant will be determined disabled without considering age, education, or work experience. *See Braswell*, 733 F.2d at 533. If the Commissioner finds that the claimant does not meet the Listings but is nevertheless unable to perform his or her past work, the burden of proof shifts to the Commissioner to prove, first, that the claimant retains the residual functional capacity to perform other kinds of work, and second, that other such work exists in substantial numbers in the national economy. *See Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000). A claimant's residual functional capacity is a medical question. *See id.* at 858.

*Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000).

When reviewing the decision not to award disability benefits, the district court does not act as a fact finder or substitute its judgment for the judgment of the ALJ or the Commissioner. *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995). Rather, the district court

-4-

will affirm the Commissioner's decision to deny benefits if it is supported by substantial evidence in the record as a whole.  *Eback v. Chater*, 94 F.3d 410, 411 (8th Cir. 1996). "Substantial evidence is that which a reasonable mind would find as adequate to support the ALJ's decision."  *Brown v. Chater*, 87 F.3d 963, 964 (8th Cir. 1996) (*citing Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir. 1996)). In determining whether the evidence in the record is substantial, the court must consider "evidence that detracts from the Commissioner's decision as well as evidence that supports it."  *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999).  If the record contains substantial evidence supporting the Commissioner's decision, the court may not reverse the decision either "because substantial evidence exists in the record that would have supported a contrary outcome, or because [the court] would have decided the case differently."  *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000) (citations omitted).

## DISCUSSION

### A.  ALJ's Findings

The ALJ determined that plaintiff had the following severe impairments: multiple sclerosis, hypothyroidism, and depression. (Tr. at 36)  She also found that these impairments, either singly or collectively, did not meet the impairments set forth in 20 C.F.R. Appendix 1, Subpart P, Regulation No. 4.  (Tr. 29, 36) Further, the ALJ concluded that plaintiff had the residual functional capacity to perform her past relevant work as a secretary, office manager, and general clerk.  (Tr. at 35-36)

The ALJ listened to the testimony of vocational expert (VE) Gail Lenhardt.  The ALJ posed a hypothetical to the expert that included plaintiff's limitations on sitting and

-5-

standing, carrying 10-20 pounds of weight, and certain of her physical limitations including balance, climbing and issues with hot and cold weather.  (Tr. at 697)  The VE concluded that plaintiff could return to her previous job.  (Tr. at 697-99)  When adding plaintiff's attention and concentration difficulties, the VE found plaintiff could still function and that such jobs existed in Nebraska.  (Tr. at 699-700)  However, when the ALJ told the VE to believe all of plaintiff's testimony, the VE testified that she could not return to her past work.  (Tr. at 701)

### B.  Treating Physician

The ALJ found that "the claimant is not entitled to a period of disability or to the payment of disability insurance benefits under Title II of the Social Security Act." (Tr. at 36)  The claimant contends the finding is in error because the ALJ failed to accept as controlling the limitations and restrictions placed upon the plaintiff by her treating primary care physician, Dr. Edwards, whose limitations nearly parallel the testimony of the plaintiff pursuant to Social Security Ruling (SSR) 96-2p.  Secondly, the claimant contends that even if the opinions of the treating source did not receive controlling weight, the ALJ failed to give the opinions of Dr. Edwards the substantial weight based on her examining relationship, her treatment relationship, the supportability of her opinions and their consistency with the record as a whole.

"The opinion of a treating specialist controls if it is well-supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence." *Kelley v. Callahan*, 133 F. 3d 583, 589 (8th Cir. 1998). "In reviewing applications for social security benefits, ALJ may grant less weight to a treating physician's opinion when that opinion conflicts with other substantial medical evidence contained in the record." *Prosch*

*v. Apfel*, 201 F.3d 1010, 1010 (8th Cir. 2000).  "A treating physician's opinion is generally entitled to substantial weight; however, such an opinion is not conclusive in determining disability status, and the opinion must be supported by medically acceptable clinical and diagnostic data."  *Davis v. Shalala,* 31 F.3d 753, 756 (8th Cir. 1994).

In reviewing an application for Social Security disability benefits, the ALJ may credit other medical evaluations over that of the treating physician when such other "assessments 'are supported by better or more thorough medical evidence.'"  *Prosch*, 201 F.3d at 1012 (citation omitted).   However, it is also important to note that "the opinion of a consultative physician who examines the claimant once or not at all does not generally constitute the substantial evidence."  *Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999), quoting *Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998).  This is especially true when the consultative physician is the only examining doctor to contradict the treating physician.  *See Jenkins*, 196 F.3d 922.  Whether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must "always give good reasons in our notice of determination or decision for the weight we give to your treating source's opinion."  20 C.F.R. § 404.1527(d)(2).

"Treating source medical opinions are still entitled to deference and must be weighed using all of the factors in C.F.R. § 404.1527.  *Prosch*, 201 F.3d at 1016.  The five factors that must be considered when determining if a treating physician's opinion should be granted controlling weight are: 1) the length of the treatment relationship; 2) nature and extent of treatment relationship; 3) quality of evidence in support of opinion; 4) consistency of the opinion with the record as a whole; and 5) whether treating physician is also a

specialist.  20 C.F.R. § 404.1527(d).  "Treating physicians' opinions are not medical opinions that should be credited when they simply state that a social security disability claimant cannot be gainfully employed, because they are merely opinions on the application of the statute, a task assigned solely to the discretion of the commissioner of Social Security."  *Stormo v. Barnhart,* 377 F.3d 801, 806 (8th Cir. 2004).

Plaintiff first contends that the ALJ failed to give appropriate weight to her treating physician, Dr. Edwards.  Plaintiff argues that the ALJ must give controlling weight, or in the alternative substantial weight, to the testimony of treating physicians.  See SSR 96-2p (if treating source medical opinion is consistent with medically acceptable technique and testing and is not inconsistent with other evidence, it receives controlling weight).  Further, argues plaintiff, the ALJ failed to clearly articulate for the reviewer why she discredited the medical opinions of Dr. Edwards as required under SSR 96-2p.

The Secretary argues that the findings of the ALJ considers and supports the medical opinions of Dr. Edwards.  The Secretary contends that on numerous occasions Dr. Edwards concluded that plaintiff had responded well to medication and that she could complete work tasks and activities.  (Tr. 582, 568, 569, 508-74,632, 633, 634, 635, 636) After reviewing the record, the court agrees with the ALJ.   The records are replete with notes by Dr. Edwards that plaintiff is doing quite well on the medication, is feeling well, and is doing well.  This is true even in July 2003, when Dr. Edwards notes that plaintiff is doing quite well, is stable on her medication, and has no complaints or problems.   (Tr. at 632) Further, the ALJ acknowledged that plaintiff had moderate limitations in the areas of memory, concentration and detail, which is fairly consistent with the opinions espoused by Dr. Edwards. (Tr. at 35)  Also, Dr. Edwards left a couple of sections of the medical source

document blank, answered "no" to others, and marked N/A to one section, which indicated a lesser degree of disability for the plaintiff.   (Tr. 33-34; 569-72)  Further, the court agrees that Dr. Edwards' opinion regarding extreme limitations is not supported by the notes of Dr. Edwards.  *See Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001).  The court concludes that the ALJ complied with SSR 96-2p and 20 C.F.R. § 404.1527 in evaluating the testimony of the treating physician.  The court disagrees with the plaintiff's argument that the ALJ substituted its medical opinion for that of the neurologist, Dr. Edwards.  *See, e.g., Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998).   The court finds that the decision of the ALJ is supported by substantial evidence and should be affirmed.

### C.  Pain and Depression

Plaintiff argues that the ALJ failed to properly consider her complaints of pain and depression in accordance with *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984 ).  The ALJ contends plaintiff failed to analyze the complaints of pain under the analysis enunciated in *Polaski*.  When the ALJ asked the vocational expert whether plaintiff, assuming her allegations were true, could perform work in the economy, he testified that she could not. (Tr. at 701)  The Secretary argues that the ALJ correctly considered all allegations of pain and depression and accurately concluded that the record did not support a degree of severity to the extent argued by plaintiff.

The court agrees.   Plaintiff's own testimony shows that she drives a car, shops, does chores around her home and cooks.  Such activities generally do not support a finding of total disability.  *Barnett v. Barnhart*, 362 F.3d 1020, 1023 (8th Cir. 2004). Further, the Secretary offered evidence from plaintiff's previous employers which indicated

satisfaction with her work, without any mention of any disability that hindered her ability to work. (Tr. 327-30, 376-80, 391-94) At least one employer indicated a desire to hire the plaintiff again. (Tr. at 380) Further, the testimony by the plaintiff showed that she left her previous employment because the business closed and not for health reasons. The ALJ is permitted to analyze these inconsistencies in order to make a credibility determination. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1024 (8th Cir. 2002). The court agrees with the ALJ that plaintiff's allegations of severity regarding her pain and depression are not consistent with the medical evidence offered by Dr. Edwards, Dr. Sedlacek, and Dr. Wariyar, nor are they consistent with plaintiff's own testimony as to her daily activities. Consequently, the court concludes that the ALJ's findings are supported by substantial evidence.

THEREFORE, IT IS ORDERED that the findings and conclusions of the ALJ are affirmed and this case is dismissed. A separate judgment and dismissal is entered in accordance with this memorandum and order.

DATED this 26th day of October, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge